UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLUE BYRD, LLC, d/b/a LENDAPI,<br><br>           Plaintiff,<br><br>  -against-<br><br>ML ENTERPRISE INC., d/b/a ENGINE BY MONEYLION,<br><br>           Defendant. | Case No. 1:25-cv-_____<br><br>**NOTICE OF REMOVAL**<br><br>Removed from:<br><br>Supreme Court of the State of New York, New York County<br><br>Index No. 656391/2025 |

      PLEASE TAKE NOTICE that defendant ML Enterprise Inc., d/b/a Engine by MoneyLion ("MoneyLion"), by and through undersigned counsel, hereby removes the above-captioned action from the Supreme Court of the State of New York, New York County, to the United States District Court for the Southern District of New York. Defendant appears for the purpose of removal only and for no other purpose, and reserves all defenses and rights available to it. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1332.

      1.      On December 10, 2025, Plaintiff Blue Byrd, LLC, d/b/a LendAPI ("LendAPI") filed this action in the Supreme Court of the State of New York, New York County ("State Court"). *See* Ex. A (Complaint). Along with the Complaint, Plaintiff filed a proposed Order to Show Cause and Memorandum of Law In Support of Plaintiff's Order to Show Cause Seeking A Preliminary Injunction. *See* Ex. B (proposed Order to Show Cause); Ex. C (Memorandum of Law).

      2.      In the Complaint, Plaintiff brings a claim under New York Civil Practice Law and Rules ("C.P.L.R") § 3001 for a declaratory judgment, declaring that a mutually agreed upon and

negotiated commercial exclusivity provision is unenforceable as a matter of law.  Plaintiff further seeks a preliminary injunction that will disrupt the status quo and grant Plaintiff the ultimate relief it is seeking, i.e., an injunction with immediate effect restraining defendant from enforcing or threatening to enforce the exclusivity provision.  *See* Ex. A ¶1.

3. Defendant has not been served in this action as required by C.P.L.R. § 306-B, and has made no appearance in State Court in this action.

4. This action is removable under 28 U.S.C. § 1441(a), which allows removal of any action over which the federal district courts have original jurisdiction.

5. This Court has diversity of citizenship jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, *see* Ex. D (December 15, 2025 letter from Plaintiff to the State Court's Administrative Judge for Civil Matters claiming "value of the suit's intended benefit and the value of the injury being averted is in excess of $500,000"), and the parties are citizens of different States.  Plaintiff is a limited liability company organized and existing under the laws of the State of California, with its principal place of business at 8502 East Chapman Avenue, Suite 332, Orange, California 92869.  *See* Ex. A ¶¶ 11–12.  On information and belief, Timothy Li and Sam Xia are the only members of LendAPI, and both are citizens of California.  Therefore, it is Defendant's understanding that Plaintiff is a citizen of California.  Defendant is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 245 West 17th Street, 4th Floor, New York, NY 10011, and therefore is a citizen of Delaware and New York.

6. Even though Defendant is a citizen of New York, removal is not prohibited by 28 U.S.C. § 1441(b)(2) because Defendant has not been served.  *See Gibbons v. Bristol-Myers*

*Squibb Co.,* 919 F.3d 699, 705 (2d Cir. 2019) ("Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law.").

7. Venue of this action is proper in this Court pursuant to 28 U.S.C. § 1441(a) because the county from which the State Court Action is being removed— New York County— lies within this federal district.

8. Defendant does not include a copy of "all process, pleadings, and orders served upon such defendant" as required by 28 U.S.C. § 1446(a) because Defendant has not yet been served in this action. Nonetheless, Defendant attaches as Exhibit E a compilation of documents from the State Court docket that were not served on Defendant but are publicly available.

9. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because Defendant has not yet been served. Regardless, this Notice of Removal is filed within 30 days of the date of filing of this action in State Court on December 10, 2025. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) ("[A] named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.").

10. Defendant will promptly serve a copy of this Notice of Removal on Plaintiff and will file a copy of this Notice with the Clerk of the Supreme Court of the State of New York, New York County, pursuant to 28 U.S.C. § 1446(d).

11. By filing this Notice of Removal, Defendant does not waive any claim, argument, or defense which may be available to it, nor does Defendant concede that Plaintiff has pleaded any claim upon which relief may be granted.

WHEREFORE, pursuant to 28 U.S.C. § 1441, Defendant removes this action from the Supreme Court of the State of New York, New York County, to the United States District Court for the Southern District of New York.  Defendant respectfully requests that the Court enter such order and grant such other and further relief as may be necessary to effectuate removal, and that this Court assume full jurisdiction over this action for all further proceedings.

Dated:  December 22, 2025

    Respectfully submitted,

    */s/ Victor Hou*
    Victor Hou (vhou@cgsh.com)
    Mark E. McDonald (memcdonald@cgsh.com)
    CLEARY GOTTLIEB STEEN & HAMILTON LLP
    One Liberty Plaza
    New York, New York 10006
    T: (212) 225-2000

    *Attorneys for Defendant*